UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK J. HARRIS, JR.,

    Petitioner,

v.

    Case No. 2:14-cv-14787
    Hon. Nancy G. Edmunds

RANDALL HAAS,

    Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner labels This action "Motion For Relief From Judgment or Order" under "Rule 60(a)(b)(d)." Because there is no previous habeas petition concerning the conviction challenged by his filing, however, the Court will construe it as a habeas corpus action brought under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of subject matter jurisdiction.

Factual Allegations

According to Petitioner's filing, he challenges his Delta Circuit Court conviction for attempted felonious assault. Petitioner has attached to his filing the Amended Judgment of Sentence stemming from this conviction, dated July 28, 1986, and imposing a sentence of 13-to-24 months in prison. Petitioner was discharged from this sentence on August 6, 1991. Petitioner is currently incarcerated pursuant to his September 3, 2009, Allegan Circuit Court conviction for assault with intent to commit great bodily harm. The Court obtained the information regarding Petitioner's discharge and new conviction from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. See *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

In the instant habeas petition, Petitioner expressly challenges his 1986 conviction, contending that it is void by virtue of a decision by the Michigan Court of Appeals remanding the case for resentencing.

Discussion

This Court lacks jurisdiction to grant habeas corpus relief with respect to an attack on Petitioner's 1986 conviction. "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be 'in custody pursuant to the judgment of a State court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (quoting 28 U.S.C. § 2254(a)); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States. . . ."). Petitioner is no longer in custody for his prior conviction because the sentence for that conviction has long since expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Lackawanna County Dist. Att'y*

*v. Coss*, 532 U.S. 394, 401 (2001). Thus, the Court lacks jurisdiction to consider an attack on the prior, expired conviction because Petitioner is no longer in custody for it.

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the court lacks subject matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service."When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims for lack of subject-matter jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

## Order

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus

is SUMMARILY DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

    s/ Nancy G. Edmunds
    Honorable Nancy G. Edmunds
    United States District Judge

Dated: January 11, 2015